UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
EDDIE MILLER, DIGITAL MARKETING &
EVENTS, INC., USMARKETING.COM, INC. AND         No.   19-cv-06994 (PKC)
DAMONS LIST, LLC
                      Plaintiffs,

   -against-

PARTICIPATORY SAFETY, INC. AND JOHN
DOE NOS. 1-10
                      Defendant.
------------------------------------------------------------------ x
PARTICIPATORY SAFETY, INC.
                      Counterclaim Plaintiff,

   -against-

EDDIE MILLER, DIGITAL MARKETING &
EVENTS, INC., USMARKETING.COM, INC. AND
DAMONS LIST, LLC
                      Counterclaim
                      Defendants.
------------------------------------------------------------------ x

**STIPULATED MOTION FOR PROTECTIVE ORDER**

      WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      ORDERED, that if, during the course of this action, either party has the occasion to disclose information deemed by such party to constitute confidential proprietary information of the type contemplated by Fed. R. Civ. P. 26(c), the following procedures shall be employed and the following restrictions shall govern:

      1.     Any documents including, but not limited to, answers to interrogatories or document requests, deposition transcripts, or portions thereof, responses to requests for

admissions, documents produced pursuant to Rule 34 of the Federal Rules of Civil Procedure or pursuant to subpoenas under Rule 45 of the Federal Rules of Civil Procedure, all information derived therefrom and all copies, excerpts, or summaries thereof, trade secrets or other confidential financial or commercial information, or information otherwise entitled to protection under Rule 26 of the Federal Rules of Civil Procedure (hereinafter collectively referred to as "Material") provided by either party to the other party during the pendency of this action may be designated and marked, in whole or in part, "Confidential" or "Confidential – Attorneys' Eyes Only" by counsel for the party producing such Material at the time of its production.  The producing party should only apply such designations where the producing party has a good faith belief that the designated Material contains confidential commercial information that would put the producing party at a competitive disadvantage if the information contained in the Material became known to third parties, and such Material may not be used by any person for any business or competitive purpose or for any other purpose except in connection with the instant action, including any appeal. Third parties who produce or disclose Material in this action may also so designate, and thereby avail themselves of the protections of this Order, if they agree to be bound by its terms and conditions.

      2.    To the extent that Material is marked Confidential, such material shall only be revealed to or used by the following persons:

      (a)    outside counsel employed by any party to assist in the action, and their respective paralegals and administrative staff who are assisting in this action;

      (b)    the officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for purposes of assisting in this action;

31993/000/3375213

(c) any outside consultant or expert who is assisting counsel or a party to the action, to whom it is necessary to disclose the relevant Material for the sole purpose of assisting in, or consulting with respect to, the preparation of this action, who has first read and signed the Non-Disclosure Undertaking attached as an exhibit to this Order. Counsel shall retain a signed copy of each signed Non-Disclosure Undertaking;

(d) Persons providing testimony on matters relating to the Material marked as Confidential, only if such person either authored or received the document[s] in question and the same is noted on such document[s];

(e) The Court and any members of its staff to whom it is necessary to disclose the Material for the purpose of assisting the Court in this action; and

(f) stenographic employees and court reporters recording or transcribing testimony relating to this action; and

(g) outside vendors who perform microfilming, photocopying, computer classification, professional jury or trial consultants, trial support personnel, litigation support services, or similar functions, but only for so long as necessary to perform those services.

3. The parties recognize that there may be certain sensitive confidential, financial, business and/or proprietary Material, the disclosure of which to certain categories of persons listed in paragraph 2 may compromise and/or jeopardize the disclosing party's interests. The parties may designate discovery material as "Confidential/Attorneys' Eyes Only" if it is in good faith deemed sensitive and inappropriate for treatment merely as "Confidential" Material including, but not limited to, tax returns, specific customer and/or sales information, sales analyses or reports, purchase orders and/or invoices, as well as financial statements may be designated "Confidential/Attorneys' Eyes Only." Such Material that is marked "Confidential – Attorneys'

Eyes Only" shall only be disclosed to the persons identified in (a), (c), (e), (f) and (g) in paragraph 2, provided they have first read and signed the Non-Disclosure Undertaking attached as an exhibit to this Order, which counsel for either of the parties will retain a signed copy of each signed Non-Disclosure Undertaking;

  4. Material designated Confidential or Confidential – Attorneys' Eyes Only shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted to receive disclosure of such Material pursuant to this Order. Any copies of such Material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed Confidential or Confidential – Attorneys' Eyes Only in keeping with the producing party's designation, and the same terms regarding confidentiality of these materials shall apply to the originals and shall, if a writing, be stamped on the face of the writing, or shall otherwise be clearly marked "Confidential" or "Confidential/Attorneys' Eyes Only" in the margin or such place that it is clearly evident and in such a manner that the written material is not obliterated or obscured. Such Material shall be used only for purposes directly related to this action. Nothing herein shall limit the right of a party to use Material it has disclosed as it sees fit.

  5. Any party may contest a claim of confidentiality, and a failure to do so shall not preclude a subsequent challenge to the propriety of such designation. If a receiving party disagrees with the designation of any Material as Confidential or Confidential – Attorneys' Eyes Only, the parties shall first try to resolve their dispute on an informal basis. If an agreement cannot be reached between counsel, the parties' dispute shall be presented to the Court for resolution. The parties agree to maintain the confidentiality of any such Material and to use it only in the manner authorized by this Order unless and until the Court rules that it may be treated otherwise.

6. The subject matter of all depositions given in connection with this action and the original and all copies of the transcripts of any such depositions shall be deemed to be Confidential – Attorneys' Eyes Only for a period ending 30 days after the transcript is received by counsel. On or before the 30th day after any deposition transcript is received by counsel, such transcript may be designated and marked, in whole or in part, Confidential or Confidential – Attorneys' Eyes Only by counsel for the disclosing party, and the portions of the transcript of the deposition so marked shall be subject to the provisions of this Order. Such designation may be made by any of the following means:

(a) stating orally on the record, with reasonable precision as to the affected testimony, during the taking of the deposition, that the information is Confidential or Confidential – Attorneys' Eyes Only, in which case the court reporter shall mark each page so designated accordingly.

(b) sending written notice to all other parties, designating, by page and line, the portions of the transcript to be treated as Confidential or Confidential – Attorneys' Eyes Only, whereupon the parties shall attach a copy of such written designation to the face of the transcript and each copy thereof in the party's possession, custody, or control.

7. If at any time prior to the trial of this action, a producing party realizes that some portion[s] of the Material that the party previously produced should be designated as Confidential or Confidential – Attorneys' Eyes Only, the party may so designate by so advising all parties in writing, and such designated portion[s] of the Material will thereafter be treated as designated. If at any time a producing party realizes that Material previously designated Confidential should not have been so designated or no longer qualifies for such designation, the party shall promptly inform counsel for the non-producing party and shall produce copies of the Material without such

designation. If a producing party realizes that the Material was privileged, the party may so designate by so advising all parties in writing, and the Material shall be returned to the producing party or destroyed, without waiver of privilege, and added to the producing party's privilege log.

8. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with this Paragraph, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

9. Nothing in this Order shall be deemed in any way to restrict the use of Material, documents or information if they (a) are, or become, public knowledge, as shown by publicly available writings, other than through violation of the terms of this document; (b) is acquired by the receiving party or non-party witness from a third-party lawfully possessing such Material, documents or information and having no obligation to the owner of the Material, document or information; (c) was lawfully possessed by the receiving party or non-party witness prior to the

opening of discovery in this proceeding, and for which there is written evidence of the lawful possession; (d) or is disclosed by the receiving party with the approval of the supplying party.

10. If a party is served with a subpoena or an order outside of the instant action that would compel disclosure of any Material designated in this action as Confidential or Confidential – Attorneys' Eyes Only, such party shall notify the other party as soon as reasonably possible. If the designating party timely seeks a protective order and gives the party served with the subpoena or court order notice of the same, the party served with the subpoena or order shall not produce any such Material before a determination is rendered by the applicable tribunal.

11. The inadvertent or unintentional disclosure of Material that is subject to a legitimate claim that the document is protected by the attorney-client privilege, work product doctrine, or is otherwise confidential, shall not constitute an admission by the producing party, and shall not waive the producing person's rights with respect to the propriety, materiality, relevance, or admissibility of the materials produced. Should the receiving party discover an inadvertent or unintentional disclosure to a third party, the receiving party will notify the supplying party of the disclosure and identify the third party recipient, inform the third party recipient of all provisions of the Protective Order and have them sign the Non-Disclosure Undertaking (attached hereto). Any Material the producing party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege, the work product protection, or is otherwise confidential, shall be, upon written request, promptly returned to the producing party, or destroyed, at that party's option. If the claim is disputed, a single copy of the materials may be retained by the receiving party for the exclusive purpose of seeking judicial determination of the matter pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502.

31993/000/3375213

12. After this action is completed, including all appeals, counsel for all parties shall destroy or return all Material designated Confidential or Confidential – Attorneys' Eyes Only.

SO STIPULATED AND AGREED.

Dated: December 19, 2019          By: _____
                                       Karen J. Bernstein

                                       Attorneys for Plaintiffs and Counterclaim
                                       Defendants

Dated: December 19, 2019          By: _____
                                       Eric. J. Shimanoff
                                       Joelle A. Milov

                                       Attorneys for Defendant and Counterclaim Plaintiff
                                       Participatory Safety

**SO ORDERED.**

Dated: December 19, 2019          _____
       New York, New York         Hon. P. Kevin Castel, U.S.D.J.
                                  United States District Judge

8

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

EDDIE MILLER, DIGITAL MARKETING &
EVENTS, INC., USMARKETING.COM, INC. AND      No.   19-cv-06994 (PKC)
DAMONS LIST, LLC
              Plaintiffs,

  -against-

PARTICIPATORY SAFETY, INC. AND JOHN
DOE NOS. 1-10
              Defendant.
------------------------------------------------------------------ x
PARTICIPATORY SAFETY, INC.
              Counterclaim Plaintiff,

-against-

EDDIE MILLER, DIGITAL MARKETING &
EVENTS, INC., USMARKETING.COM, INC. AND
DAMONS LIST, LLC
              Counterclaim
              Defendants.
------------------------------------------------------------------ x

## **NON-DISCLOSURE UNDERTAKING**

      I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of the Material that have been designated as Confidential or Confidential – Attorneys' Eyes Only.  I agree that I will not disclose such Material to anyone other than as permitted by the Protective Order, and that at the conclusion of the litigation I will return all disclosed Material to the party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District

of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of the Protective Order could subject to me punishment for contempt of Court.

Signature: _____

Printed Name: _____

Company & Position: _____

Dated: _____

31993/000/3375213